# SUPREME COURT.

LORENZO CASE AND EDWARD E. CASE, appellants, agt. JAMES OSBORN, respondent.

*Interest — In action for work and labor done and materials furnished, from what time interest to be allowed — Is demand necessary to entitle plaintiff to interest from time of completion and acceptance of job.*

In an action for work and labor done and materials furnished where the facts as proved were that no time was fixed under the agreement with plaintiff when the job was to be completed — that the job was completed and accepted by the defendant September 9, 1874:

*Held,* that the bringing of suit was sufficient demand and plaintiffs were entitled to interest from that time at least.

On the above facts found was any demand necessary to entitle the plaintiffs to interest on the amount of the recovery from the time the job was completed and accepted by defendant? *Quære.*

*Fourth Department, General Term, January,* 1880.

THIS action was brought to recover for work and labor done and for materials furnished by the plaintiffs, who were copartners and doing business in the city of Watertown as carpenters and general house-joiners, in repairing a dwelling-house for the defendant. The case was referred to one E. C. Emerson, as referee, and tried before him. In his report the referee found as facts : That the work was all done and materials furnished September 9, 1874, and that on the same day the defendant duly accepted said work and materials in accord-

ance with the terms of the contract. The referee also found that there was due the plaintiffs on that day, over and above all set-offs and counter-claims, the sum of forty-seven dollars and sixty-six cents, and ordered judgment for plaintiffs and against defendant for that amount. The referee also found that there was no demand made by plaintiffs for this amount, before bringing the action; that the claim was unliquidated; that as matter of law plaintiffs were not entitled to interest.

*Anson B. Moore*, attorney for appellants.

I. The referee finds as facts: 1. There was no time fixed under the agreement with plaintiff, when the job was to be completed. 2. That the job was completed and accepted by the defendant September 9, 1874. On the facts found by the referee no demand was necessary. The money was due when the job was completed and accepted; and the plaintiffs were entitled to interest on the amount found due them from that day, September 9, 1874 (*Freter* agt. *Heath*, 11 *Wend.*, 479; *Sill* agt. *Hall*, 20 *Wend.*, 51; *Gillet* agt. *Van Rensselaer*, 15 *N. Y. R.*, 397; 2 *Com.*, 134; 20 *N. Y. R.*, 463–469; 8 *Barb.*, 327–331). (*a*) For refusing to allow interest to the plaintiffs on the amount, forty-seven dollars and sixty-six cents, found their due on September 9, 1874, the judgment should be reversed.

II. If a demand was necessary before bringing the action to entitle the plaintiffs to interest, clearly the bringing of the action was a sufficient demand.

Allowing the interest on plaintiffs' claim from the commencement of the action to the time of filing the referee's report, would increase the damages to fifty-two dollars and eighty-six cents, and plaintiffs would recover the full costs of the action. The refusal of the referee to thus hold and decide is error for which the judgment should be reversed.

III. The referee erred in holding that no demand was made before bringing the action. The plaintiff swore to a demand, and this fact was not denied or disputed by any witness on

the trial, yet the referee rejected this evidence and found that no demand was made.

*Porter & Watts*, attorneys for respondent.

I. The appellants ask for a reversal of the judgment in this case, on the sole ground that the referee erred in refusing to allow interest on their claim from the date of the completion and acceptance of the work, September 9, 1874.

The plaintiffs are not entitled to interest upon the amount of their recovery for any time, prior to the report and decision of the referee. The referee so decided, and upon every principle of equity, as well as upon the law and facts in this case, the referee is right (*Gallop* agt. *Perue*, 10 *Hun*, 525; 6 *Cowen*, 193; 4 *Cowen*, 496; 3 *Cowen*, 393–425; 5 *Cowen*, 588; 45 *Barb.*, 40; 61 *Barb.*, 180; 4 *Barb.*, 36; 20 *Wend.*, 52; 17 *Barb.*, 454; 3 *Johns. Ch.*, 587; 12 *Johns.*, 156; 7 *Wend.*, 178; 12 *Abb.* [*N. S.*], 240; 3 *Hun*, 218; 20 *N. Y.*, 463; 45 *N. Y.*, 306; 60 *N. Y.*, 106). 1. The amount due plaintiffs was unliquidated and unsettled. No demand of payment had been made by plaintiffs of defendant, and the referee so finds. The referee also finds that no time of payment was agreed upon by the parties. 2. Interest is simply damages, and when allowed it is only as damages. It is submitted that the allowance of interest in any case is largely discretionary with the court or referee before whom the same is tried, and is to be determined upon the facts in each particular case, and such determination should not be disturbed unless there has been gross injustice done.

SMITH, *J.* — Appeal from a judgment entered on the report of a referee. Action for work and labor. The referee found in plaintiffs' favor for forty-seven dollars and sixty-six cents, but denied them interest on the ground that no demand was made before suit. We think he erred in not allowing interest. Plaintiff testified that he called on defendant about six weeks after the work was completed and defendant said, in sub-

stance, he would pay it when he got ready. Saw him once after that and told him he must come to plaintiffs' shop and settle the matter, and he made no answer. This testimony is not disputed. Besides, it is proved that the work was completed and accepted in September, 1874. Further, bringing suit was sufficient demand, and plaintiffs' were entitled to interest from that time at least.

Judgment reversed and new trial ordered before another referee, costs to abide event.

MULLIN, P. J., and TALCOTT, J., concur.